## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

(1) TEMPLE D. BROWN, )
)
        Plaintiff, )
) Case No. **22 CV - 175 JFH - CDL**
v. )
)
(1) CIGNA, Successor to LIFE ) Removed from Tulsa County
INSURANCE COMPANY OF NORTH ) Case No. CJ-2021-3386
AMERICA, a CIGNA Company, )
(2) T.D. WILLIAMSON, INC., )
) **FILED**
        Defendants. )
APR 11 2022

Mark C. McCartt, Clerk
### NOTICE OF REMOVAL
U.S. DISTRICT COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446, T.D.

Williamson, Inc., ("T.D.W.") by and through its undersigned counsel, hereby invokes the

jurisdiction of this Court and removes Case Number CJ-2021-3386 from the District Court of

Tulsa County, Oklahoma (the "State Court Action"), to the United States District Court for the

Northern District of Oklahoma.

In filing this Notice of Removal, T.D.W. denies the above-named Plaintiff's allegations set

forth in the State Court Action, denies Plaintiff states a claim for which relief may be granted, and

denies Plaintiff has been damaged in any manner. T.D.W. does not waive and specifically reserves

any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions.

No statement by T.D.W. herein or omission herefrom shall be deemed to constitute an admission

by T.D.W. to any of Plaintiff's allegations or damages sought in the State Court Action.  In support

thereof, T.D.W. states as follows:

## I.  THE UNDERLYING CIVIL ACTION.

a. On or about November 24, 2021, Temple D. Brown (the "Plaintiff"), commenced

the State Court Action against T.D.W. and Defendant CIGNA, Successor to LIFE INSURANCE

COMPANY OF NORTH AMERICA, a CIGNA Company ("LINA") (collectively with T.D.W., "Defendants") by filing a petition in the District Court of Tulsa County, Oklahoma (the "Petition").

b.      The Petition alleges LINA improperly denied Plaintiff long term disability benefits under an employee benefit plan sponsored by T.D.W. pursuant to 29 U.S.C. § 1002 *et seq.*, often referred to as the Employee Retirement Income Security Act of 1974 ("ERISA").

c.      Defendant T.D.W. was served with a Summons and the Petition on March 21, 2022. The Summons and Certificate of Return of Service for T.D.W. are attached hereto as "Exhibit 1."

d.      Plaintiff attempted to serve Defendant LINA with a summons and the Petition on March 21, 2022, with service upon the Oklahoma Secretary of State. However, such service attempted upon LINA on March 21, 2022 was without effect because service of legal process must be made upon Oklahoma's Insurance Commissioner. *See* 36 O.S. § 621 ("Service of such process against a foreign or alien insurer shall be made only by service of process upon the Insurance Commissioner."). The Summons and Certificate of Return of Service for LINA are attached hereto as "Exhibit 2."

e.      As set forth below, the State Court Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because T.D.W. has satisfied the procedural requirements for removal, and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

**II.  THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.**

a.      Timeliness: A notice of removal may be filed within thirty days after the defendant receives a copy of the initial pleading or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b).  T.D.W. was served with a Summons and the Petition on

2

March 21, 2022. *See* Exhibit 1. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

      b.    <u>Removal to Proper Court</u>:  The District Court of Tulsa County, Oklahoma, is located in the Northern District of Oklahoma. 28 U.S.C. § 116(a). Venue is proper because this is the "district and division embracing the place where the action is pending." *See* 28 U.S.C. §§ 1441(a) and 1446(a).

      c.    <u>Filing and Service Requirements</u>:  Pursuant to 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of all other documents filed in the State Court Action, and all process, pleadings, and orders served upon T.D.W. are attached hereto as "<u>Exhibit 3</u>." Pursuant to LCvR 81.2, a copy of the State Court docket sheet is attached hereto as "<u>Exhibit 4</u>." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be served upon Plaintiff and a copy shall be filed with the clerk of court for the District Court of Tulsa County, Oklahoma.

      d.    No previous application has been made for the relief requested herein.

## III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.

      a.    Plaintiff's action is of a civil nature and involves issues of federal question over which the U.S. District Court for the Northern District of Oklahoma has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff expressly asserted a cause of action under ERISA. *See* Exhibit 2, Plaintiff's Petition, ¶¶ 3, 10.

      b.    Plaintiff's federal cause of action under ERISA is properly removable to this Court pursuant to 28 U.S.C. §§ 1331 and 1441.

## IV.   CONSENT.

a.      Title 28 U.S.C. § 1446(b)(2)(A) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

b.      LINA has not been properly served in this matter and therefore is not required to consent to removal. Nevertheless, counsel for T.D.W. has spoken with counsel for LINA, and LINA consents to removal.

## V.   NOTICE.

a.      Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal is being filed contemporaneously with the Clerk of the State Court.

b.      Upon information and belief, the pleadings attached hereto as <u>Exhibits 1-3</u> represent all the pleadings filed in the State Court Action or in the possession of T.D.W.

c.      This Notice of Removal is being served as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant T.D. Williamson, Inc. respectfully removes the State Court Action from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § § 1331, 1367, 1441, and 1446.

Respectfully submitted,

*Caroline Chamberlain*

Randall J. Snapp, OBA #11169
Caroline G. Chamberlain (Lindemuth), OBA #34163
CROWE & DUNLEVY
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9800
(918) 592-9801 (Facsimile)
randall.snapp@crowedunlevy.com
caroline.lindemuth@crowedunlevy.com

ATTORNEYS FOR DEFENDANT
T.D. WILLIAMSON, INC.

4

CERTIFICATE OF SERVICE

I certify that on April 11, 2022, the same date this Notice of Removal was filed in the United States District Court for the Northern District of Oklahoma, a true and correct copy of said Notice of Removal was served upon the above-named parties by mailing said copies to the parties' attorneys of record:

James C. Linger
1710 S. Boston Ave.
Tulsa, OK 74119-4810
bostonbarristers@tulsacoxmail.com
*Counsel for Plaintiff*

I further certify that on April 11, 2022, a true and correct copy of this Notice of Removal was delivered to the Tulsa County Court Clerk for filing.

Caroline G. Chamberlain



## ORIGINAL SUMMONS

IN THE DISTRICT COURT OF TULSA COUNTY,
STATE OF OKLAHOMA, 500 SOUTH DENVER, TULSA, OKLAHOMA 74103

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

MAR **3 1** 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

TEMPLE D. BROWN,          Plaintiff,    )
                                        )
v.                                      )
                                        )
CIGNA, Successor to LIFE INSURANCE      )
COMPANY OF NORTH AMERICA, a CIGNA       )
Company, and T.D. WILLIAMSON, INC.,     )
                          Defendants.   )

Case No. CJ-2021-03386
Judge Nightingale
*Plaintiff's Attorney*:
James C. Linger
1710 South Boston Ave.
Tulsa, OK 74119-4810
(918) 585-2797

Registered Agent:
**T.D. Williamson, Inc.**
**c/o The Corporation Company**
**1833 South Morgan Rd.**
**Oklahoma City, OK 73128**

To the above-named Defendant(s)

_____
Appointed to serve. PSS#_____

_____
Authorized by

    You have been sued by the above-named plaintiff(s), and you are directed to file a written answer
to the attached petition in the court at the above address within twenty (20) days after service of this
summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be
delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated,
judgment will be rendered against you with costs of the action.

    Issued this __17__ day of March, 2022.          **DON NEWBERRY, Court Clerk**

                                        ~~Sally Howe Smith,~~ Court Clerk

                                By _Carol L. Deffet_, Deputy Court Clerk
(Seal)

    This summons and order was served, by certified mail, on ____3/21/2022____
                                                              (date of service)

                                        _____
                                        (Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH
THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY
SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATE IN THE SUMMONS.
                    **Return ORIGINAL for filing.**

**EXHIBIT**
**1**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

TEMPLE D. BROWN,          Plaintiff,          )
                                              )
v.                                            )          Case No.  CJ-2021-03386
                                              )          Judge Nightingale
CIGNA, Successor to LIFE INSURANCE            )
COMPANY OF NORTH AMNERICA, a                  )
CIGNA Company, and T.D. Williamson,           )
Inc.                     Defendants.          )

## CERTIFICATE OF RETURN OF SERVICE

I, James C. Linger, do hereby certify that I mailed, by certified mailing, Plaintiff's

Petition, filed November 24, 2021, to Defendant, T.D. Williamson, Inc., c/o The Corporation

Company, 1833 South Morgan Rd., Oklahoma City, Oklahoma 73128, and proof of service

being signed on March 21, 2022, as is evidenced by the notice and returned card attached hereto.

JAMES C. LINGER, OBA#5441
Counsel for Plaintiff

1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Oklahoma City, OK 73128

| | |
|---|---|
| Certified Mail Fee | $3.75 |
| | |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $0.00 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $0.00 |
| ☐ Adult Signature Restricted Delivery | $0.00 |
| Postage | $2.16 |
| Total Postage and Fees | $8.96 |

Postmark
Here
03/17/2022

Sent To  T. D. Williamson Inc. C/o The Corporation Co.
Street and Apt. No., or PO Box No.  1833 South Morgan Rd.
City, State, ZIP+4®  Oklahoma City OK 73128

7019 1120 0001 3885 6019

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

T. D. Williamson, Inc.
c/o The Corporation Company
1833 South Morgan Rd.
Oklahoma City, OK
73128

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 5570 9274 2417 10

2. Article Number (Transfer from service label)
7019 1120 0001 3885 6019

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 MAR 21 2022

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt





DISTRICT COURT

**F I L E D**

MAR 3 1 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## ORIGINAL SUMMONS
### IN THE DISTRICT COURT OF TULSA COUNTY,
STATE OF OKLAHOMA, 500 SOUTH DENVER, TULSA, OKLAHOMA 74103

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| TEMPLE D. BROWN, Plaintiff, | ) | |
| | ) | Case No. CJ-2021-03386 |
| v. | ) | Judge Nightingale |
| | ) | *Plaintiff's Attorney:* |
| CIGNA, Successor to LIFE INSURANCE | ) | James C. Linger |
| COMPANY OF NORTH AMERICA, a CIGNA | ) | 1710 South Boston Ave. |
| Company, and T.D. WILLIAMSON, INC., | ) | Tulsa, OK 74119-4810 |
| Defendants. | ) | (918) 585-2797 |

**CIGNA, Successor to Life Insurance Company
of North America, a CIGNA Company
c/o Secretary of State
State of Oklahoma
2300 N. Lincoln Blvd., Room 101
Oklahoma City, OK 73105-4897**

To the above-named Defendant(s)

_____
Appointed to serve. PSS#_____

_____
Authorized by

    You have been sued by the above-named plaintiff(s), and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this ▮▮ day of March, 2022.

**DON NEWBERRY, Court Clerk**

~~Sally Howe Smith,~~ Court Clerk

By _Anna Defleut_ , Deputy Court Clerk

(Seal)

This summons and order was served, by certified mail, on _____ 3/21/2022 _____
(date of service)
_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATE IN THE SUMMONS.

**Return ORIGINAL for filing.**



**EXHIBIT
2**



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| TEMPLE D. BROWN, | Plaintiff, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| CIGNA, Successor to LIFE INSURANCE | | ) |
| COMPANY OF NORTH AMNERICA, a | | ) |
| CIGNA Company, and T.D. Williamson, | | ) |
| Inc. | Defendants. | ) |

Case No.  CJ-2021-03386
Judge Nightingale

## CERTIFICATE OF RETURN OF SERVICE

I, James C. Linger, do hereby certify that I mailed, by certified mailing, Plaintiff's

Petition, filed November 24, 2021, to Defendant, CIGNA, Successor to Life Insurance Company

of North America, a CIGNA Company, c/o Secretary of State, State of Oklahoma, 2300 N.

Lincoln Blvd., Room 101, Oklahoma City, OK 73105-4897, and proof of service being signed

on March 21, 2022, as is evidenced by the notice and returned card attached hereto.

JAMES C. LINGER, OBA#5441
Counsel for Plaintiff

1710 South Boston Avenue
Tulsa, OK 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
### Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Oklahoma City, OK 73105-2    U S E

| | | |
|---|---|---|
| Certified Mail Fee | $3.75 | 0052 |
| | $3.05 | 55 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | Here |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $2.16 | |
| | | 03/17/2022 |
| Total Postage and Fees | $5.96 | |

Sent To CIGNA etc. c/o Secretary of State
Street and Apt. No., or PO Box No. 2300 N. Lincoln Blvd., Rm, 101
City, State, ZIP+4® Oklahoma City, OK 73105-4899

7019 1120 0001 3885 6033

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

CIGNA, Successor to Life Ins
Co. of North America, a CIGNA
Co., c/o Secretary of State
State of Oklahoma
2300 N. Lincoln Blvd., Rm, 101
Oklahoma City, OK 73105-48
97

9590 9402 5570 9274 2416 97

2. Article Number *(Transfer from service label)*

7019 1120 0001 3885 6033

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

**RECEIVED**

MAR 21 2022

**OKLAHOMA SECRETARY OF STATE**

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☒ Certified Mail®                    ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery   Delivery
☐ Collect on Delivery                ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery   Merchandise
☐ Insured Mail                       ☐ Signature Confirmation™
☐ Insured Mail Restricted Delivery    ☐ Signature Confirmation
   (over $500)                         Restricted Delivery

Domestic Return Receipt



DISTRICT COURT
**FILED**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

NOV 2 4 2021

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

TEMPLE D. BROWN,              Plaintiff,     )
                                            )   **CJ-2021-03386**
   v.                                       )
                                            )   Case No.
CIGNA, Successor to LIFE INSURANCE          )
COMPANY OF NORTH AMERICA, a CIGNA           )   **Rebecca Brett Nightingale**
Company, and T.D. WILLIAMSON, INC.,         )
                             Defendants.    )

## PETITION

COMES now the Plaintiff, Temple D. Brown, and for his cause of action against the

Defendants, Cigna, Successor to Life Insurance Company of North America, a Cigna company

(hereinafter referred to as "Cigna", and "Life Insurance Company", respectively), and T.D.

Williamson, Inc. (hereinafter referred to as "Williamson"), and alleges and states as follows, to-wit:

   1.      That at all times pertinent hereto the Plaintiff, Temple D. Brown (hereinafter

referred to as "Brown") was and is a resident of Tulsa County, Oklahoma.

   2.      That Defendants Cigna and Life Insurance Company are licensed to do business in

the State of Oklahoma.

   3.      That Defendant Williamson is a corporation organized and existing under the

laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma, and

maintains offices in the State of Oklahoma. Defendant Williamson is named in the instant lawsuit

only as the policy holder of the Defendant Cigna at all times relevant herein pursuant to an employee

benefit plan of which Williamson was the plan sponsor, as that term is defined at 29 U.S.C.

§ 1002(16)(B) of the Williamson Group Long Term Disability Plan.

   4.      On June 8, 2017, Brown was an employee of Williamson, which at that time



EXHIBIT
3

carried a disability insurance policy for its employees with Life Insurance Company. Plaintiff

Brown's actual work with Williamson, where he had been a Senior Maintenance Technician, ceased

on June 20, 2017, although his employment did not cease until December 17, 2021. Subsequent

thereto Cigna became the successor for all long-term disability insurance claims for all employees of

Williamson, including Plaintiff Brown. A copy of Life Insurance's Group Long Term Disability

Certificate and Long Term Disability Plan and Supplemental Information for Welfare Benefit Plan

with Williamson is marked Plaintiff's Exhibit "1", attached hereto, and made a part of this Petition

as though fully set forth herein.

5.      While employed with Williamson, Plaintiff Brown suffered debilitating

medical problems including, but not limited to, vestibular neuronitis, tinnitus, hearing loss,

labyrinthitis on the left ear, autoimmune rheumatoid arthritis, anxiety, depression, and balance

disorder, and Plaintiff Brown received a medical opinion that he was permanently, totally disabled

from any further employment and, thereafter, Brown filed his application for disability benefits with

Defendant Life Insurance, a Cigna company.

6.      While Defendant Life Insurance and Cigna paid disability benefits for several years,

on or about May 18, 2020, Life Insurance, a Cigna company, denied the Plaintiff Brown his long-

term disability benefits under his contract of insurance. Thereafter Plaintiff Brown submitted

additional medical information to support his claim, but said claim was continued to be denied.

7.      Also, on or about January 13, 2021, February 11, 2021, and February 18, 2021,

Cigna informed Plaintiff Brown that it was continuing its review of Plaintiff Brown's claim for

disability but continued to deny him further disability payments.

8.      On or about February 18, 2021, Cigna informed Plaintiff Brown that his physical

problems were a manifestation of other problems and therefore, he was no longer disabled for purposes of obtaining employment. Therefore, Cigna refused to overturn its previous denial of Plaintiff Brown's claim for continued long term disability.

9.     As of the date of the filing of this action, Plaintiff Brown remains medically, permanently, and totally disabled with his medical condition continuing to deteriorate and is entitled to long term disability benefits under his said contract of insurance, including annual cost of living adjustments since December 16, 2019, in an amount to be determined.

10.     The Defendant Cigna's actions in denying Plaintiff Brown his disability benefits breach his contract of insurance with the Defendant, by reason by which Plaintiff Brown has been damaged in an amount in excess of $75,000.00, for basic monthly benefits through age 65, which Plaintiff Brown reserves the right to amend at the time of trial, plus the costs of living adjustments per year from December 16, 2019.

WHEREFORE, premises considered, Plaintiff Temple D. Brown, prays for a judgment against the Defendant Cigna, in an amount in excess of $75,000.00, for basic monthly benefits, the reinstitution of monthly disability payments, which Plaintiff Brown reserves the right to amend at the time of trial or, in the alternative, for a declaratory and injunctive judgment finding that Cigna is indebted to Plaintiff Brown for his long term disability under the aforesaid long term disability policy of which Williamson was the policy holder, along with an Order requiring Defendant Cigna to pay Plaintiff Brown the basic monthly benefit due him under the aforesaid disability policy, plus yearly cost of living adjustments, for attorney fees and costs expended in the prosecution of this action, and for a declaratory judgment against the Defendant Williamson declaring it to have been the policyholder of Life Insurance Company of North America, and its successor, Defendant Cigna,

at all times relevant hereto, and for such further relief as to which he may be entitled and which the

Court deems equitable and just.

TEMPLE D. BROWN, Plaintiff

JAMES C. LINGER, OBA#5441
Counsel for Plaintiff

1710 South Boston Avenue
Tulsa, Oklahoma 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
bostonbarristers@tulsacoxmail.com

4

# Group Long Term Disability
# Insurance Certificate



PLAINTIFF'S
EXHIBIT

____/____

T. D. Williamson, Inc.

## IMPORTANT NOTICES

If you reside in one of the following states, please read the important notices below:

**Arizona, Florida and Maryland residents:**

**The group policy is issued in the state of Oklahoma and will be governed by its laws. If you reside in a state other than Oklahoma, this certificate of insurance may not provide all of the benefits and protections provided by the laws of your state. PLEASE READ YOUR CERTIFICATE CAREFULLY.**

**Texas residents:**

IMPORTANT NOTICE:  To obtain information or make a complaint:

You may call Life Insurance Company of North America toll free telephone number for information or to make a complaint at:
**1-800-547-5515**

You may also write to Life Insurance Company of North America at:

ATT: Meredith Long
25600 N. Norterra Drive
Phoenix, AZ 85085-8201

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:
**1-800-252-3439**

You may write the Texas Department of Insurance:

P.O. Box 149104
Austin, TX 78714-9104
Fax (512) 475-1771
Web: http://www.tdi.state.tx.us
Email:ConsumerProtection@tdi.
state.tx.us

**PREMIUM OR CLAIM DISPUTES:**

Should you have a dispute concerning your premium or about a claim you should contact Life Insurance Company of North America first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

AVISO IMPORTANTE: Para obtener información o para someter una queja:

Usted puede llamar al núermo de teléfono gratis de Life Insurance Company of North America para infomación o para someter una queja al: **1-800-547-5515**

Usted también puede escribir a Life Insurance Company of North America al:

ATT: Meredith Long
25600 N. Norterra Drive
Phoenix, AZ 85085-8201

Puede comunicarse con el Departamento de Seguros de Texas para obtener información acerca de compañías, coberturas, derechos o quejas al:
**1-800-252-3439**

Puede escribir al Departamento de Seguros de Texas:

P.O. Box 149104
Austin, TX 78714-9104
Fax (512) 475-1771
Web: http//www.tdi.state.tx.us
Email:ConsumerProtection@tdi.state.tx.us

**DISPUTAS SOBRE PRIMAS O RECLAMOS:**

Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el Life Insurance Company of North America primero. Si no resuelve la disputa, puede entonces comunicarse con el Departamento de Seguros de Texas (TDI, por sus siglas en inglés).

TL-004426a

## FOREWORD

Disability insurance provides individuals and their families with financial protection. The Disability Insurance Benefit described in this booklet will help secure your family's financial security in the event of your disability.

The need for disability insurance protection depends on individual circumstances and financial situations. This valuable coverage should add an extra dimension to your personal insurance portfolio.

**LIFE INSURANCE COMPANY OF NORTH AMERICA**
1601 CHESTNUT STREET
PHILADELPHIA, PA 19192-2235
(800) 732-1603          TDD (800) 336-2485
**A STOCK INSURANCE COMPANY**

**GROUP INSURANCE
CERTIFICATE**

We, the LIFE INSURANCE COMPANY OF NORTH AMERICA, certify that we have issued a Group Policy, LK-964698, to T. D. Williamson, Inc.

We certify that we insure all eligible persons, who are enrolled according to the terms of the Policy. Your coverage will begin and end according to the terms set forth in this certificate.

This certificate describes the benefits and basic provisions of your coverage. You should read it with care so you will understand your coverage.

This is not the insurance contract. It does not waive or alter any of the terms of the Policy. If questions arise, the Policy will govern. You may examine the Policy at the office of the Policyholder or the Administrator.

This certificate replaces any and all certificates which may have been issued to you in the past under the Policy.

*Matthew G. Manders*

Matthew G. Manders, President

TL-004704

O/O v-2

## TABLE OF CONTENTS

SCHEDULE OF BENEFITS ................................................................................................................ 1

WHO IS ELIGIBLE ........................................................................................................................ 3

WHEN COVERAGE BEGINS .......................................................................................................... 3

WHEN COVERAGE ENDS .............................................................................................................. 3

WHEN COVERAGE CONTINUES .................................................................................................... 3

WHAT IS COVERED ...................................................................................................................... 5

WHAT IS NOT COVERED ............................................................................................................. 10

CLAIM PROVISIONS ................................................................................................................... 10

ADMINISTRATIVE PROVISIONS .................................................................................................. 12

GENERAL PROVISIONS ............................................................................................................... 12

DEFINITIONS .............................................................................................................................. 13

## SCHEDULE OF BENEFITS

| | |
|---|---|
| **Policy Effective Date:** | October 1, 2015 |
| **Policy Anniversary Date:** | October 1 |
| **Certificate Effective Date:** | February 1, 2016 |
| **Policy Number:** | LK-964698 |

**Eligible Class Definition:**
All active, Full-time Hourly Employees of the Employer regularly working a minimum of 30 hours per week and Salaried Employees of the Employer working a minimum of 30 hours per week and earning less than $30,000 a year annually.

**Eligibility Waiting Period**

If you were hired on or
before the Policy Effective Date:          The first of the month on or after 90 days of Active Service

If you were hired after
the Policy Effective Date:          The first of the month following 90 days of Active Service

**Elimination Period for Hourly
Employees**          The later of any accumulated sick leave or 180 days

**Elimination Period for Salary
Employees**          180 days

**Gross Disability Benefit**
  The lesser of 60% of your monthly Covered Earnings rounded to the nearest dollar or your Maximum Disability Benefit.

**Maximum Disability Benefit**          $8,000 per month.

**Minimum Disability Benefit**          $50 per month

**Disability Benefit Calculation**
The Disability Benefit payable to you is figured using the Gross Disability Benefit, Other Income Benefits and the Return to Work Incentive. Monthly Benefits are based on a 30-day month. The Disability Benefit will be prorated if payable for any period less than a month.

During any month you have no Disability Earnings, the monthly benefit payable is the Gross Disability Benefit less Other Income Benefits. During any month you have Disability Earnings, benefits are determined under the Return to Work Incentive. Benefits will not be less than the minimum benefit shown in the Schedule of Benefits except as provided under the section Minimum Benefit.

"Other Income Benefits" means any benefits listed in the Other Income Benefits provision that you receive on your own behalf or for your dependents, or which your dependents receive because of your entitlement to Other Income Benefits.

1

*Return to Work Incentive*
During any month you have Disability Earnings, your benefits will be calculated as follows.

Your monthly benefit payable will be calculated as follows during the first 24 months disability benefits are payable and you have Disability Earnings:

1.  Add your Gross Disability Benefit and Disability Earnings.
2.  Compare the sum from 1. to your Indexed Earnings.
3.  If the sum from 1. exceeds 100% of your Indexed Earnings, then subtract the Indexed Earnings from the sum in 1.
4.  Your Gross Disability Benefit will be reduced by the difference from 3., as well as by Other Income Benefits.
5.  If the sum from 1. does not exceed 100% of your Indexed Earnings, your Gross Disability Benefit will be reduced by Other Income Benefits.

After disability benefits are payable for 24 months, the monthly benefit payable is the Gross Disability Benefit reduced by Other Income Benefits and 50% of Disability Earnings.

No Disability Benefits will be paid, and insurance will end if we determine you are able to work under a modified work arrangement and you refuse to do so without Good Cause.

**Maximum Benefit Period**
The later of your SSNRA* or the Maximum Benefit Period listed below.

| Age When Disability Begins | Maximum Benefit Period |
| --- | --- |
| Age 62 or under | Your 65th birthday or the date the 42nd Monthly Benefit is payable, if later. |
| Age 63 | The date the 36th Monthly Benefit is payable. |
| Age 64 | The date the 30th Monthly Benefit is payable. |
| Age 65 | The date the 24th Monthly Benefit is payable. |
| Age 66 | The date the 21st Monthly Benefit is payable. |
| Age 67 | The date the 18th Monthly Benefit is payable. |
| Age 68 | The date the 15th Monthly Benefit is payable. |
| Age 69 or older | The date the 12th Monthly Benefit is payable. |

*SSNRA means the Social Security Normal Retirement Age in effect under the Social Security Act on the Policy Effective Date.

TL-004774

2

## WHO IS ELIGIBLE

If you qualify under the Class Definition shown in the Schedule of Benefits you are eligible for coverage under the Policy on the Policy Effective Date, or the day after you complete the Eligibility Waiting Period, if later. The Eligibility Waiting Period is the period of time you must be in Active Service to be eligible for coverage. Your Eligibility Waiting Period will be extended by the number of days you are not in Active Service.

Except as noted in the Reinstatement Provision, if you terminate your coverage and later wish to reapply, or if you are a former Employee who is rehired, you must satisfy a new Eligibility Waiting Period. You are not required to satisfy a new Eligibility Waiting Period if your insurance ends because you no longer qualify under your Class Definition, but you continue to be employed, and within one year you qualify again.

TL-004710

## WHEN COVERAGE BEGINS

You will be insured on the date you become eligible.

If you are not in Active Service on the date your insurance would otherwise be effective, it will be effective on the date you return to any occupation for your Employer on a Full-time basis.

TL-004712

## WHEN COVERAGE ENDS

Your coverage ends on the earliest of the following dates:
1.     the date you are eligible for coverage under a plan intended to replace this coverage;
2.     the date the Policy is terminated;
3.     the date you are no longer in an eligible class;
4.     the day after the end of the period for which premiums are paid;
5.     the date you are no longer in Active Service;
6.     the date benefits end because you did not comply with the terms and conditions of the insurance coverage.

If you are entitled to receive Disability Benefits when the Policy terminates, Disability Benefits will be payable to you if you remain disabled and meet the requirements for the insurance. Any later period of Disability, regardless of cause, that begins when you are eligible under another disability coverage provided by any employer, will not be covered.

TL-007505.00

## WHEN COVERAGE CONTINUES

This provision modifies the When Coverage Ends provision to allow insurance to continue under certain circumstances if you are no longer in Active Service. Insurance that is continued under this provision is subject to all other terms of the When Coverage Ends provisions.

Your Disability Insurance will continue if your Active Service ends because of a Disability for which benefits under the Policy are or may become payable. Your premiums will be waived while Disability Benefits are payable. If you do not return to Active Service, this insurance ends when your Disability ends or when benefits are no longer payable, whichever occurs first.

If your Active Service ends due to an approved leave pursuant to the Family and Medical Leave Act (FMLA), insurance will continue up to the later of the period of your approved FMLA leave or the leave period required by law in the state in which you are employed. Premiums are required for this coverage.

3

If your Active Service ends due to any other excused short term absence from work that is reported to the Employer timely in accordance with the Employer's reporting requirements for such short term absence, your insurance will continue until the earlier of:

a.   the date your employment relationship with the Employer terminates;
b.   the date premiums are not paid when due;
c.   the end of the 30 day period that begins with the first day of such excused absence;
d.   the end of the period for which such short term absence is excused by the Employer.

Notwithstanding any other provision of this policy, if your Active Service ends due to layoff, termination of employment or any other termination of the employment relationship, insurance will terminate and continuation of insurance under this provision will not apply.

If your insurance is continued pursuant to this When Coverage Continues provision, and you become Disabled during such period of continuation, Disability Benefits will not begin until the later of the date the Elimination Period is satisfied or the date you are scheduled to return to Active Service.

TL-009970.00

## TAKEOVER PROVISION

This provision applies to you only if you are eligible under this Policy and were covered for long term disability coverage on the day prior to the effective date of this Policy under the Prior Plan provided by the Policyholder or by an entity that has been acquired by the Policyholder.

A.   This section A applies to you if you are not in Active Service on the day prior to the effective date of this Policy due to a reason for which the Prior Plan and this Policy both provide for continuation of insurance. If required premium is paid when due, we will insure an Employee to which this section applies against a disability that occurs after the effective date of this Policy for the affected employee group. This coverage will be provided until the earlier of the date: (a) you return to Active Service, (b) continuation of insurance under the Prior Plan would end but for termination of that plan; or (c) the date continuation of insurance under this Policy would end if computed from the first day you were not in Active Service. The Policy will provide this coverage as follows:

  1.   If benefits for a disability are covered under the Prior Plan, no benefits are payable under this Plan.
  2.   If the disability is not a covered disability under the Prior Plan solely because the plan terminated, benefits payable under this Policy for that disability will be the lesser of: (a) the disability benefits that would have been payable under the Prior Plan; and (b) those provided by this Policy. Credit will be given for partial completion under the Prior Plan of Elimination Periods and partial satisfaction of pre-existing condition limitations.

B.   The Elimination Period under this Policy will be waived for a Disability which begins while you are insured under this Policy if all of the following conditions are met:

  1.   The Disability results from the same or related causes as a Disability for which monthly benefits were payable under the Prior Plan;
  2.   Benefits are not payable for the Disability under the Prior Plan solely because it is not in effect;
  3.   An Elimination Period would not apply to the Disability if the Prior Plan had not ended;
  4.   The Disability begins within 6 months of your return to Active Service and your insurance under this Policy is continuous from this Policy's Effective Date.

4

C.   Except for any amount of benefit in excess of a Prior Plan's benefits, the Pre-existing Condition Limitation will not apply if you were covered under a Prior Plan and satisfied the pre-existing condition limitation, if any, under that plan. If you did not fully satisfy the pre-existing condition limitation of that plan, credit will be given for any time that was satisfied under the Prior Plan's pre-existing condition limitation.

Benefits will be determined based on the lesser of: (1) the amount of the gross disability benefit under the Prior Plan and any applicable maximums; and (2) those provided by this Policy.

If benefits are payable under the Prior Plan for the Disability, no benefits are payable under this Policy.

TL-005108

# DESCRIPTION OF BENEFITS
# WHAT IS COVERED

**Disability Benefits**
We will pay Disability Benefits if you become Disabled while covered under this Policy.  You must satisfy the Elimination Period, be under the Appropriate Care of a Physician, and meet all the other terms and conditions of the Policy. You must provide to us, at your own expense, satisfactory proof of Disability before benefits will be paid.  The Disability Benefit is shown in the Schedule of Benefits.

We will require continued proof of your Disability for benefits to continue.

**Elimination Period**
The Elimination Period is the period of time you must be continuously Disabled before Disability Benefits are payable. The Elimination Period is shown in the Schedule of Benefits.

A period of Disability is not continuous if separate periods of Disability result from unrelated causes.

**Disability Benefit Calculation**
The Disability Benefit Calculation is shown in the Schedule of Benefits.  Monthly Disability Benefits are based on a 30 day period.  They will be prorated if payable for any period less than a month.  If you are working while Disabled, the Disability Benefit Calculation will be the Return to Work Incentive.

**Return to Work Incentive**
The Return to Work Incentive is shown in the Schedule of Benefits.  You may work for wage or profit while Disabled.  In any month in which you work and a Disability Benefit is payable, the Return to Work Incentive applies.

We will, from time to time, review your status and will require satisfactory proof of earnings and continued Disability.

**Minimum Benefit**
We will pay the Minimum Benefit shown in the Schedule of Benefits despite any reductions made for Other Income Benefits. The Minimum Benefit will not apply if benefits are being withheld to recover an overpayment of benefits.

**Other Income Benefits**

If Disability Benefits are payable to you under this Policy, you may be eligible for benefits from Other Income Benefits.  If so, we may reduce the Disability Benefits by the amount of such Other Income Benefits.

Other Income Benefits include:

1.    any amounts received (or assumed to be received\*) by you or your dependents under:
    -    the Canada and Quebec Pension Plans;
    -    the Railroad Retirement Act;
    -    any local, state, provincial or federal government disability or retirement plan or law payable for Injury or Sickness provided as a result of employment with the Employer;
    -    any salary continuation plan of the Employer;
    -    any work loss provision in mandatory "No-Fault" auto insurance.

2.    any Social Security disability or retirement benefits you or any third party receive (or are assumed to receive\*) on your own behalf or for your dependents; or which your dependents receive (or are assumed to receive\*) because of your entitlement to such benefits.

3.    any Retirement Plan benefits funded by the Employer.  "Retirement Plan" means any defined benefit or defined contribution plan sponsored or funded by the Employer.  It does not include an individual deferred compensation agreement; a profit sharing or any other retirement or savings plan maintained in addition to a defined benefit or other defined contribution pension plan, or any employee savings plan including a thrift, stock option or stock bonus plan, individual retirement account or 401(k) plan.

4.    any proceeds payable under any franchise or group insurance or similar plan.  If other insurance applies to the same claim for Disability, and contains the same or similar provision for reduction because of other insurance, we will pay for our pro rata share of the total claim.  "Pro rata share" means the proportion of the total benefit that the amount payable under one policy, without other insurance, bears to the total benefits under all such policies.

5.    any amounts received (or assumed to be received\*) by you or your dependents under any workers' compensation, occupational disease, unemployment compensation law or similar state or federal law payable for Injury or Sickness arising out of work with the Employer, including all permanent and temporary disability benefits.  This includes any damages, compromises or settlement paid in place of such benefits, whether or not liability is admitted.

6.    any amounts paid because of loss of earnings or earning capacity through settlement, judgment, arbitration or otherwise, where a third party may be liable, regardless of whether liability is determined.

Dependents include any person who receives (or is assumed to receive\*) benefits under any applicable law because of your entitlement to benefits.

\*See the Assumed Receipt of Benefits provision.

*Increases in Other Income Benefits*

Any increase in Other Income Benefits during a period of Disability due to a cost of living adjustment will not be considered in calculating your Disability Benefits after the first reduction is made for any Other Income Benefits.  This section does not apply to any cost of living adjustment for Disability Earnings.

*Lump Sum Payments*

Other Income Benefits or earnings paid in a lump sum will be prorated over the period for which the sum is given.  If no time is stated, the lump sum will be prorated over five years.

If no specific allocation of a lump sum payment is made, then the total payment will be an Other Income Benefit.

*Assumed Receipt of Benefits*
We will assume you (and your dependents, if applicable) are receiving benefits for which you are eligible from Other Income Benefits.  We will reduce your Disability Benefits by the amount from Other Income Benefits we estimate are payable to you and your dependents.

We will waive Assumed Receipt of Benefits, except for Disability Earnings for work you perform while Disability Benefits are payable, if you:

1.      provide satisfactory proof of application for Other Income Benefits;
2.      sign a Reimbursement Agreement;
3.      provide satisfactory proof that all appeals for Other Income Benefits have been made unless we determine that further appeals are not likely to succeed; and
4.      submit satisfactory proof that Other Income Benefits were denied.

We will not assume receipt of any pension or retirement benefits that are actuarially reduced according to applicable law, until you actually receive them.

*Social Security Assistance*
We may help you in applying for Social Security Disability Income (SSDI) Benefits, and may require you to file an appeal if we believe a reversal of a prior decision is possible.

We will reduce Disability Benefits by the amount we estimate you will receive, if you refuse to cooperate with or participate in the Social Security Assistance Program.

**Recovery of Overpayment**
We have the right to recover any benefits we have overpaid.  We may use any or all of the following to recover an overpayment:
1.      request a lump sum payment of the overpaid amount;
2.      reduce any amounts payable under this Policy; and/or
3.      take any appropriate collection activity available to us.

The Minimum Benefit amount will not apply when Disability Benefits are reduced in order to recover any overpayment.

If an overpayment is due when you die, any benefits payable under the Policy will be reduced to recover the overpayment.

**Successive Periods of Disability**
A separate period of Disability will be considered continuous:
1.      if it results from the same or related causes as a prior Disability for which benefits were payable; and
2.      if, after receiving Disability Benefits, you return to work in your Regular Occupation for less than 6 consecutive months; and
3.      if you earn less than the percentage of Indexed Earnings that would still qualify you to meet the definition of Disability/Disabled during at least one month.

Any later period of Disability, regardless of cause, that begins when you are eligible for coverage under another group disability plan provided by any employer will not be considered a continuous period of Disability.

For any separate period of disability which is not considered continuous, you must satisfy a new Elimination Period.

7

## LIMITATIONS

**Limited Benefit Periods for Mental or Nervous Disorders**
We will pay Disability Benefits on a limited basis during your lifetime for a Disability caused by, or contributed to by, any one or more of the following conditions.  Once 24 monthly Disability Benefits have been paid, no further benefits will be payable for any of the following conditions.

1)      Anxiety disorders
2)      Delusional (paranoid) disorders
3)      Depressive disorders
4)      Eating disorders
5)      Mental illness
6)      Somatoform disorders (psychosomatic illness)
7)      Subjective Symptom Conditions

Subjective Symptom Conditions means any physical or mental or emotional symptom, feeling or condition reported by you, or by your Physician, which cannot be verified using tests, procedures or clinical examinations that conform to generally-accepted medical standards.  Subjective Symptom Conditions include, but are not limited to, headaches, pain, fatigue, stiffness, numbness, nausea, dizziness and ringing in ears.

If, before reaching your lifetime maximum benefit, you are confined in a hospital for more than 14 consecutive days, that period of confinement will not count against your lifetime limit.  The confinement must be for the Appropriate Care of any of the conditions listed above.

**Limited Benefit Periods for Alcoholism and Drug Addiction or Abuse**
We will pay Disability Benefits on a limited basis during your lifetime for a Disability caused by, or contributed to by, any one or more of the following conditions.  Once 24 monthly Disability Benefits have been paid, no further benefits will be payable for any of the following conditions.

1)      Alcoholism
2)      Drug addiction or abuse

If, before reaching your lifetime maximum benefit, you are confined in a hospital for more than 14 consecutive days, that period of confinement will not count against your lifetime limit.  The confinement must be for the Appropriate Care of any of the conditions listed above.

**Pre-Existing Condition Limitation**
We will not pay benefits for any period of Disability caused or contributed to by, or resulting from, a Pre-existing Condition.  A "Pre-existing Condition" means any Injury or Sickness for which you incurred expenses, received medical treatment, care or services including diagnostic measures, took prescribed drugs or medicines, or for which a reasonable person would have consulted a Physician within 3 months before your most recent effective date of insurance.

The Pre-existing Condition Limitation will apply to any added benefits or increases in benefits.  This limitation will not apply to a period of Disability that begins after you are covered for at least 12 months after your most recent effective date of insurance, or the effective date of any added or increased benefits.

TL-007500.00

## ADDITIONAL BENEFITS

**Rehabilitation During a Period of Disability**
If we determine that you are a suitable candidate for rehabilitation, we may require you to participate in a Rehabilitation Plan and assessment at our expense. We have the sole discretion to approve your participation in a Rehabilitation Plan and to approve a program as a Rehabilitation Plan. We will work with you, the Employer and your Physician and others, as appropriate, to perform the assessment, develop a Rehabilitation Plan, and discuss return to work opportunities.

The Rehabilitation Plan may, at our discretion, allow for payment of your medical expense, education expense, moving expense, accommodation expense or family care expense while you participate in the program.

If you fail to fully cooperate in all required phases of the Rehabilitation Plan and assessment without Good Cause, no Disability Benefits will be paid, and insurance will end.

TL-007501.00

**Survivor Benefit**
We will pay a Survivor Benefit if you die while Disability Benefits are payable to you for a continuous period of Disability. The Survivor Benefit will equal 100% of the sum of the last full Disability Benefit payable to you plus the amount of any Disability Earnings by which the benefit had been reduced for that month. A single lump sum payment equal to 3 monthly Survivor Benefits will be payable.

We will pay the Survivor Benefit to your Spouse. If you do not have a Spouse, we will pay your surviving Children in equal shares. If you do not have a Spouse or any Children, we will pay your estate.

"Spouse" means your lawful spouse. "Children" means your unmarried children under age 21 who are chiefly dependent upon you for support and maintenance. The term includes a stepchild living with you at the time of your death.

TL-005107

## TERMINATION OF DISABILITY BENEFITS

Benefits will end on the earliest of the following dates:
1.  the date you earn from any occupation, more than the percentage of Indexed Earnings set forth in the definition of Disability applicable to you at that time;
2.  the date we determine you are not Disabled;
3.  the end of the Maximum Benefit Period;
4.  the date you die;
5.  the date you refuse, without Good Cause, to fully cooperate in all required phases of the Rehabilitation Plan and assessment;
6.  the date you are no longer receiving Appropriate Care;
7.  the date you fail to cooperate with us in the administration of the claim. Such cooperation includes, but is not limited to, providing any information or documents needed to determine whether benefits are payable or the actual benefit amount due.

Benefits may be resumed if you begin to cooperate fully in the Rehabilitation Plan within 30 days of the date benefits terminated.

TL-007502.00

## WHAT IS NOT COVERED

We will not pay any Disability Benefits for a Disability that results, directly or indirectly, from:
1. suicide, attempted suicide, or self-inflicted injury while sane or insane.
2. war or any act of war, whether or not declared.
3. active participation in a riot.
4. commission of a felony.
5. the revocation, restriction or non-renewal of your license, permit or certification necessary to perform the duties of your occupation unless due solely to Injury or Sickness otherwise covered by the Policy.

In addition, we will not pay Disability Benefits for any period of Disability during which you are incarcerated in a penal or corrections institution.

TL-007503.00

## CLAIM PROVISIONS

**Notice of Claim**
Written notice of claim, or notice by any other electronic/telephonic means authorized by us, must be given to us within 31 days after a covered loss occurs or begins or as soon as reasonably possible. If written notice, or notice by any other electronic/telephonic means authorized by us, is not given in that time, the claim will not be invalidated or reduced if it is shown that notice was given as soon as was reasonably possible. Notice can be given at our home office in Philadelphia, Pennsylvania or to our agent. Notice should include the Employer's name, the Policy Number and the claimant's name and address.

**Claim Forms**
When we receive notice of claim, we will send claim forms for filing proof of loss. If we do not send claim forms within 15 days after notice is received by us, the proof requirements will be met by submitting, within the time required under the "Proof of Loss" section, written proof, or proof by any other electronic/telephonic means authorized by us, of the nature and extent of the loss.

**Claimant Cooperation Provision**
If you fail to cooperate with us in our administration of your claim, we may terminate the claim. Such cooperation includes, but is not limited to, providing any information or documents needed to determine whether benefits are payable or the actual benefit amount due.

**Insurance Data**
The Employer is required to cooperate with us in the review of claims and applications for coverage. Any information we provide to the Employer in these areas is confidential and may not be used or released by the Employer if not permitted by applicable privacy laws.

**Proof of Loss**
You must provide written proof of loss to us, or proof by any other electronic/telephonic means authorized by us, within 90 days after the date of the loss for which a claim is made. If written proof of loss, or proof by any other electronic/telephonic means authorized by us, is not given in that 90 day period, the claim will not be invalidated nor reduced if it is shown that it was given as soon as was reasonably possible. In any case, written proof of loss, or proof by any other electronic/telephonic means authorized by us, must be given not more than one year after the 90 day period. If written proof of loss, or proof by any other electronic/telephonic means authorized by us, is provided outside of these time limits, the claim will be denied. These time limits will not apply due to lack of legal capacity.

Written proof that the loss continues, or proof by any other electronic/telephonic means authorized by us, must be furnished to us at intervals we require. Within 30 days of a request, written proof of continued Disability and Appropriate Care by a Physician must be given to us.

10

**Time of Payment**
Disability Benefits will be paid at regular intervals of not less frequently than once a month. Any balance, unpaid at the end of any period for which we are liable, will be paid at that time.

**To Whom Payable**
Disability Benefits will be paid to you. If any person to whom benefits are payable is a minor or, in our opinion is not able to give a valid receipt, such payment will be made to his or her legal guardian. However, if no request for payment has been made by the legal guardian, we may, at our option, make payment to the person or institution appearing to have assumed custody and support.

If you die while any Disability Benefits remain unpaid, we may, at our option, make direct payment to any of your following living relatives: your spouse, your mother, your father, your children, your brothers or sisters; or to the executors or administrators of your estate. We may reduce the amount payable by any indebtedness due.

Payment in the manner described above will release us from all liability for any payment made.

**Physical Examination and Autopsy**
We may, at our expense, exercise the right to examine any person for whom a claim is pending as often as we may reasonably require. Also, we may, at our expense, require an autopsy unless prohibited by law.

**Legal Actions**
No action at law or in equity may be brought to recover benefits under the Policy less than 60 days after written proof of loss, or proof by any other electronic/telephonic means authorized by us, has been furnished as required by the Policy. No such action shall be brought more than 3 years after the time satisfactory proof of loss is required to be furnished.

**Time Limitations**
If any time limit stated in the Policy for giving notice of claim or proof of loss, or for bringing any action at law or in equity, is less than that permitted by the law of the state in which you live when the Policy is issued, then the time limit provided in the Policy is extended to agree with the minimum permitted by the law of that state.

**Physician/Patient Relationship**
You have the right to choose any Physician who is practicing legally. We will in no way disturb the Physician/patient relationship.

TL-004724

11

# ADMINISTRATIVE PROVISIONS

**Premiums**
The premiums for this Policy will be based on the rates currently in force, the plan and the amount of insurance in effect.

**Reinstatement of Insurance**
Your insurance may be reinstated if it ends because you are on an unpaid leave of absence. If your Active Service ended due to an approved leave pursuant to the Family and Medical Leave Act (FMLA) and Continuation of Insurance is not applicable, your insurance may be reinstated at the conclusion of the FMLA leave.

If your Active Service ends due to an Employer approved unpaid leave of absence, other than an approved FMLA leave, insurance may be reinstated only:
1.     If the reinstatement occurs within 12 weeks from the date insurance ends, or
2.     When returning from military service pursuant to the Uniformed Services Employment Act of 1994 (USERRA).

For insurance to be reinstated the following conditions must be met:
1.     You must be in a Class of Eligible Employees.
2.     The required premium must be paid.
3.     We must receive a written request for reinstatement within 30 days from the date you return to Active Service.

Reinstated insurance will be effective on the date you return to Active Service. If you did not fully satisfy the Eligibility Waiting Period or the Pre-Existing Condition Limitation (if any) before insurance ended due to an unpaid leave of absence, credit will be given for any time that was satisfied.

TL-009960.00

# GENERAL PROVISIONS

**Incontestability**
All statements made by the Employer or by an Insured are representations not warranties. No statement will be used to deny or reduce benefits or as a defense to a claim, unless a copy of the instrument containing the statement has been furnished to the claimant. In the event of death or legal incapacity, the beneficiary or representative must receive the copy.

After two years from an Insured's effective date of insurance, or from the effective date of any added or increased benefits, no such statement will cause insurance to be contested except for fraud or eligibility for insurance.

**Misstatement of Age**
If an Insured's age has been misstated, we will adjust all benefits to the amounts that would have been purchased for the correct age.

**Workers' Compensation Insurance**
The Policy is not in lieu of and does not affect any requirements for insurance under any Workers' Compensation Insurance Law.

**Assignment of Benefits**
We will not be affected by the assignment of your certificate until the original assignment or a certified copy of the assignment is filed with us. We will not be responsible for the validity or sufficiency of an assignment. An assignment of benefits will operate so long as the assignment remains in force provided insurance under the Policy is in effect. This insurance may not be levied on, attached, garnisheed, or otherwise taken for a person's debts. This prohibition does not apply where contrary to law.

**Clerical Error**
A person's insurance will not be affected by error or delay in keeping records of insurance under the Policy. If such an error is found, the premium will be adjusted fairly.

**Ownership of Records**
All records maintained by the Insurance Company are, and shall remain, the property of the Insurance Company.

TL-004728

# DEFINITIONS

Please note, certain words used in this document have specific meanings. These terms will be capitalized throughout this document. The definition of any word, if not defined in the text where it is used, may be found either in this Definitions section or in the Schedule of Benefits.

**Active Service**
If you are an Employee, you are in Active Service on a day which is one of the Employer's scheduled work days if either of the following conditions are met.

1.      You are performing your regular occupation for the Employer on a full-time basis. You must be working at one of the Employer's usual places of business or at some location to which the Employer's business requires you to travel.
2.      The day is a scheduled holiday or vacation day and you were performing your regular occupation on the preceding scheduled work day.

You are in Active Service on a day which is not one of the Employer's scheduled work days only if you were in Active Service on the preceding scheduled work day.

**Appropriate Care**
Appropriate Care means you:
1.      Have received treatment, care and advice from a Physician who is qualified and experienced in the diagnosis and treatment of the conditions causing Disability. If the condition is of a nature or severity that it is customarily treated by a recognized medical specialty, the Physician is a practitioner in that specialty.
2.      Continue to receive such treatment, care or advice as often as is required for treatment of the conditions causing Disability.
3.      Adhere to the treatment plan prescribed by the Physician, including the taking of medications.

**Consumer Price Index (CPI-W)**
The Consumer Price Index for Urban Wage Earners and Clerical Workers published by the U.S. Department of Labor. If the index is discontinued or changed, another nationally published index that is comparable to the CPI-W will be used.

**Covered Earnings**
Covered Earnings means your wage or salary as reported by the Employer for work performed for the Employer as in effect just prior to the date your Disability begins. Covered Earnings are determined initially on the date an Employee applies for coverage. A change in the amount of Covered Earnings is effective on the date of the change, if the Employer gives us written notice of the change and the required premium is paid.

It does not include any amounts received as bonus, commissions, overtime pay or other extra compensation.

Any increase in your Covered Earnings will not be effective during a period of continuous Disability.

13

**Disability/Disabled**
You are considered Disabled if, solely because of Injury or Sickness, you are:
1.      unable to perform the material duties of your Regular Occupation; and
2.      unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation.

After Disability Benefits have been payable for 24 months, you are considered Disabled if, solely due to Injury or Sickness, you are:
1.      unable to perform the material duties of any occupation for which you are, or may reasonably become, qualified based on education, training or experience; and
2.      unable to earn 60% or more of your Indexed Earnings.

We will require proof of earnings and continued Disability.

**Disability Earnings**
Any wage or salary for any work performed for any employer during your Disability, including commissions, bonus, overtime pay or other extra compensation.

**Employee**
For eligibility purposes, you are an Employee if you work for the Employer and are in one of the "Classes of Eligible Employees." Otherwise, you are an Employee if you are an employee of the Employer who is insured under the Policy.

**Employer**
The Policyholder and any affiliates or subsidiaries covered under the Policy. The Employer is acting as your agent for transactions relating to this insurance. You shall not consider any actions of the Employer as actions of the Insurance Company.

**Full-time**
Full-time means the number of hours set by the Employer as a regular work day for Employees in your eligibility class.

**Furlough**
Furlough means a temporary suspension or alteration of Active Service initiated by the Employer, for a period of time specified in advance not to exceed 30 days at a time.

**Good Cause**
A medical reason preventing participation in the Rehabilitation Plan. Satisfactory proof of Good Cause must be provided to us.

**Indexed Earnings**
For the first 12 months Monthly Benefits are payable, your Indexed Earnings are equal to your Covered Earnings. After 12 Monthly Benefits are payable, your Indexed Earnings are your Covered Earnings plus an increase applied on each anniversary of the date Monthly Benefits became payable. The amount of each increase will be the lesser of:
1.      10% of your Indexed Earnings during your preceding year of Disability; or
2.      the rate of increase in the Consumer Price Index (CPI-W) during the preceding calendar year.

**Injury**
Any accidental loss or bodily harm that results directly and independently from all other causes from an Accident.

**Insurability Requirement**
An eligible person satisfies the Insurability Requirement for an amount of coverage on the day we agree in writing to accept you as insured for that amount. To determine a person's acceptability for coverage, we will require you to provide evidence of good health and may require it be provided at your expense.

14

**Insurance Company**
The Insurance Company underwriting the Policy is named on your certificate cover page. References to the Insurance Company have been changed to "we", "our", "ours", and "us" throughout the certificate.

**Insured**
You are an Insured if you are eligible for insurance under the Policy, insurance is elected for you, the required premium is paid and your coverage is in force under the Policy.

**Physician**
Physician means a licensed doctor practicing within the scope of his or her license and rendering care and treatment to an Insured that is appropriate for the condition and locality. The term does not include you, your spouse, your immediate family (including parents, children, siblings, or spouses of any of the foregoing, whether the relationship derives from blood or marriage), or a person living in your household.

**Prior Plan**
The Prior Plan refers to the plan of insurance providing similar benefits to you, sponsored by the Employer and in effect directly prior to the Policy Effective Date. A Prior Plan will include the plan of a company in effect on the day prior to that company's addition to this Policy after the Policy Effective Date.

**Regular Occupation**
The occupation you routinely perform at the time the Disability begins. In evaluating the Disability, we will consider the duties of the occupation as it is normally performed in the general labor market in the national economy. It is not work tasks that are performed for a specific employer or at a specific location.

**Rehabilitation Plan**
A written plan designed to enable you to return to work. The Rehabilitation Plan will consist of one or more of the following phases:
1. rehabilitation, under which we may provide, arrange or authorize education, vocational or physical rehabilitation or other appropriate services;
2. work, which may include modified work and work on a part-time basis.

**Sickness**
The term Sickness means a physical or mental illness.

**Temporary Layoff**
Temporary Layoff means a temporary suspension of Active Service for a period of time determined in advance by the Employer, other than a Furlough as defined. Temporary Layoff does not include the permanent termination of Active Service (including but not limited to a job elimination), which shall be treated as termination of employment.

TL-007500.00 as modified by TL-009980

**SUPPLEMENTAL INFORMATION**
for

**T.D. Williamson, Inc. Welfare Benefit Plan**

**required by the Employee Retirement**
**Income Security Act of 1974**

As a Plan participant in T. D. Williamson, Inc.'s Insurance Plan, you are entitled to certain rights and protection under the Employee Retirement Income Security Act of 1974 (ERISA).

You should refer to the attached Certificate for a description of when you will become eligible under the Plan, the amount and types of benefits available to you, and the circumstances under which benefits are not available to you or may end.  The Certificate, along with the following Supplemental Information, makes up the Summary Plan Description as required by ERISA.

**IMPORTANT INFORMATION ABOUT THE PLAN**

- The Plan is established and maintained by T. D. Williamson, Inc., the Plan Sponsor.

- The Employer Identification Number (EIN) is 73-0933110.

- The Plan Number is 501.

- The Insurance Plan is administered directly by the Plan Administrator with benefits provided, in accordance with the provisions of the group insurance contract, LK-964698, issued by LIFE INSURANCE COMPANY OF NORTH AMERICA.

- The Plan Administrator is:        T. D. Williamson, Inc.
                                    6120 South Yale Avenue, Suite 1700
                                    Tulsa, OK  74136
                                    918-447-5000

- The Plan Administrator has authority to control and manage the operation and administration of the Plan.

- The Plan Sponsor may terminate, suspend, withdraw or amend the Plan, in whole or in part, at any time, subject to the applicable provisions of the Policy.  (Your rights upon termination or amendment of the Plan are set forth in your Certificate.)

- The agent for service of legal process is the Plan Administrator.

- The Plan of benefits is financed by the Employer and Employees.

- The date of the end of the Plan Year is September 30.

**WHAT YOU SHOULD DO AND EXPECT IF YOU HAVE A CLAIM**

When you are eligible to receive benefits under the Plan, you must request a claim form or obtain instructions for submitting your claim telephonically or electronically, from the Plan Administrator.  All claims you submit must be on the claim form or in the electronic or telephonic format provided by the Insurance Company.  You must complete your claim according to directions provided by the Insurance Company.  If these forms or instructions are not available, you must provide a written statement of proof of loss.  After you have completed the claim form or written statement, you must submit it to the Plan Administrator.

16

The Plan Administrator has appointed the Insurance Company as the named fiduciary for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims. The Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact. All decisions made by the Insurance Company shall be final and binding on Participants and Beneficiaries to the full extent permitted by law.

The Insurance Company has 45 days from the date it receives your claim for disability benefits, or 90 days from the date it receives a claim for any other benefit, to determine whether or not benefits are payable to you in accordance with the terms and provisions of the Policy. The Insurance Company may require more time to review your claim if necessary due to circumstances beyond its control. If this should happen, the Insurance Company must notify you in writing that its review period has been extended for up to two additional periods of 30 days ( in the case of a claim for disability benefits), or one additional period of 90 days (in the case of any other benefit). If this extension is made because you must furnish additional information, these extension periods will begin when the additional information is received. You have up to 45 days to furnish the requested information.

During the review period, the Insurance Company may require a medical examination of the Insured, at its own expense; or additional information regarding the claim. If a medical examination is required, the Insurance Company will notify you of the date and time of the examination and the physician's name and location. It is important that you keep any appointments made since rescheduling examinations will delay the claim process. If additional information is required, the Insurance Company must notify you, in writing, stating the information needed and explaining why it is needed.

If your claim is approved, you will receive the appropriate benefit from the Insurance Company.

If your claim is denied, in whole or in part, you must receive a written notice from the Insurance Company within the review period. The Insurance Company's written notice must include the following information:

1. The specific reason(s) the claim was denied.
2. Specific reference to the Policy provision(s) on which the denial was based.
3. Any additional information required for your claim to be reconsidered, and the reason this information is necessary.
4. In the case of any claim for a disability benefit, identification of any internal rule, guideline or protocol relied on in making the claim decision, and an explanation of any medically-related exclusion or limitation involved in the decision.
5. A statement informing you of your right to appeal the decision, and an explanation of the appeal procedure, including a statement of your right to bring a civil action under Section 502(a) of ERISA if your appeal is denied.

**Appeal Procedure for Denied Claims**

Whenever a claim is denied, you have the right to appeal the decision. You (or your duly authorized representative) must make a written request for appeal to the Insurance Company within 60 days (180 days in the case of any claim for disability benefits) from the date you receive the denial. If you do not make this request within that time, you will have waived your right to appeal.

Once your request has been received by the Insurance Company, a prompt and complete review of your claim must take place. This review will give no deference to the original claim decision, and will not be made by the person who made the initial claim decision. During the review, you (or your duly authorized representative) have the right to review any documents that have a bearing on the claim, including the documents which establish and control the Plan. Any medical or vocational experts consulted by the Insurance Company will be identified. You may also submit issues and comments that you feel might affect the outcome of the review.

17

The Insurance Company has 60 days from the date it receives your request to review your claim and notify you of its decision (45 days, in the case of any claim for disability benefits). Under special circumstances, the Insurance Company may require more time to review your claim. If this should happen, the Insurance Company must notify you, in writing, that its review period has been extended for an additional 60 days (45 days in the case of any claim for disability benefits). Once its review is complete, the Insurance Company must notify you, in writing, of the results of the review and indicate the Plan provisions upon which it based its decision.

## YOUR RIGHTS AS SET FORTH BY ERISA

As a participant in T. D. Williamson, Inc.'s Insurance Plan you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to:

### Receive Information About Your Plan and Benefits

Examine, without charge, at the plan administrator's office and at other specified locations, such as worksites and union halls, all documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) filed by the plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Employee Benefit Security Administration.

Obtain, upon written request to the plan administrator, copies of documents governing the operation of the plan, including insurance contracts and collective bargaining agreements, and copies of the latest annual report (Form 5500 Series) and updated summary plan description. The administrator may make a reasonable charge for the copies.

Receive a summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.

### Prudent Actions by Plan Fiduciaries

In addition to creating rights for plan participants ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

### Enforce Your Rights

If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of plan documents or the latest annual report from the plan and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or Federal court. If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a Federal court. The court will decide who should pay court costs and legal fees. If you are successful the court

may order the person you have sued to pay these costs and fees.  If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

**Assistance with Your Questions**

If you have any questions about your plan, you should contact the plan administrator.  If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the plan administrator, you should contact the nearest office of the Employee Benefit Security Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Employee Benefit Security Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210.  You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Employee Benefit Security Administration.

ER-03-1

## IMPORTANT CHANGES FOR STATE REQUIREMENTS

If you reside in one of the following states, please read the important changes below. The provisions of your certificate are modified for residents of the following states. The modifications listed apply only to residents of that state, and only when the underlying provision is included in the certificate.

**Louisiana residents:**
The percentage of Indexed Earnings, if any, that qualifies an insured to meet the definition of Disability/Disabled may not be less than 80%.

**Massachusetts residents:**
**Continuation of Insurance after leaving the group**
If you leave the group covered under the Policy, insurance for you will be continued until the earliest of the following dates:
1.   31 days from the date you leave the group;
2.   The date you become eligible for similar benefits.

**Continuation of Insurance due to a Plant Closing or Partial Closing**
If you leave the group due to termination of employment resulting from a Plant Closing or Partial Closing, insurance for you will be continued until the earliest of the following dates:
1.   90 days from the date of the Plant Closing or Partial Closing;
2.   The date you become eligible for similar benefits.

**Definitions** :   For purposes of this provision:

**Plant Closing** means a permanent cessation or reduction of business at a facility which results or will result as determined by the director in the permanent separation of at least 90% of the employees of said facility within a period of six months prior to the date of certification or with such other period as the director shall prescribe, provided that such period shall fall within the six month period prior to the date of certification.

**Partial Closing** means a permanent cessation of a major discrete portion of the business conducted at a facility which results in the termination of a significant number of the employees of said facility and which affects workers and communities in a manner similar to that of Plant Closings.

**Minnesota residents:**
The Pre-existing Condition Limitation, if any, may not be longer than 24 months from the insured's most recent effective date of insurance.

**Texas residents:**
Any provision offsetting or otherwise reducing any benefit by an amount payable under an individual or franchise policy will not apply.

**Washington residents:**
The following definition of "Children" as stated under the Survivor Benefit is applicable to Washington residents.

"Children" means as Employee's children under age 26 who are chiefly dependent upon the Employee for support and maintenance.

**UNDERWRITTEN BY:**
**LIFE INSURANCE COMPANY OF NORTH AMERICA**
**a Cigna company**

Class 2
05/2016





# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

### IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA

| | |
|---|---|
| TEMPLE D BROWN,<br>    Plaintiff,<br>v.<br>CIGNA,<br>    Defendant, and<br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br>    Defendant, and<br>T D WILLIAMSON INC,<br>    Defendant. | **No. CJ-2021-3386**<br>**(Civil relief more than $10,000: BREACH OF AGREEMENT - CONTRACT)**<br><br>Filed: 11/24/2021<br><br><br>Judge: Civil Docket A |

## PARTIES

BROWN, TEMPLE D, Plaintiff
CIGNA, Defendant
LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant
T D WILLIAMSON INC, Defendant

## ATTORNEYS

**Attorney**
LINGER, JAMES C (Bar #5441)
1710 SOUTH BOSTON AVENUE
TULSA, OK 74119

**Represented Parties**
BROWN, TEMPLE D

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**    Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT)
    Filed By: BROWN, TEMPLE D
    Filed Date: 11/24/2021



EXHIBIT
4

| Party Name | Disposition Information |
|---|---|
| **Defendant:** CIGNA | |
| **Defendant:** | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | |
| **Defendant:** T D WILLIAMSON INC | |

# DOCKET

| Date | Code | Description | Party | Count | Amount |
|---|---|---|---|---|---|
| 11-24-2021 | **[ TEXT ]** | | | #1 | |
| | | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | |
| 11-24-2021 | **[ CONTRACT ]** | | | | |
| | | BREACH OF AGREEMENT - CONTRACT | | | |
| 11-24-2021 | **[ DMFE ]** | | | | $ 7.00 |
| | | DISPUTE MEDIATION FEE | | | |
| 11-24-2021 | **[ PFE1 ]** | | | | $ 163.00 |
| | | PETITION | | | |
| | | Document Available (#1050964560) 🗋TIFF   🄰PDF | | | |
| 11-24-2021 | **[ PFE7 ]** | | | | $ 6.00 |
| | | LAW LIBRARY FEE | | | |
| 11-24-2021 | **[ OCISR ]** | | | | $ 25.00 |
| | | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | |
| 11-24-2021 | **[ OCJC ]** | | | | $ 1.55 |
| | | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | |
| 11-24-2021 | **[ OCASA ]** | | | | $ 5.00 |
| | | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | |
| 11-24-2021 | **[ SSFCHSCPC ]** | | | | $ 10.00 |
| | | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | |
| 11-24-2021 | **[ CCADMINCSF ]** | | | | $ 1.00 |
| | | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | |
| 11-24-2021 | **[ CCADMIN0155 ]** | | | | $ 0.16 |
| | | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | |
| 11-24-2021 | **[ SJFIS ]** | | | | $ 0.45 |
| | | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | |
| 11-24-2021 | **[ DCADMIN155 ]** | | | | $ 0.23 |
| | | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | |
| 11-24-2021 | **[ DCADMIN05 ]** | | | | $ 0.75 |
| | | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | |

| | |
|---|---|
| **11-24-2021  [ DCADMINCSF ]** | $ 1.50 |

DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER

| | |
|---|---|
| **11-24-2021  [ CCRMPF ]** | $ 10.00 |

COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE

| | |
|---|---|
| **11-24-2021  [ CCADMIN04 ]** | $ 0.50 |

COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS

| | |
|---|---|
| **11-24-2021  [ LTF ]** | $ 10.00 |

LENGTHY TRIAL FUND

**11-24-2021  [ TEXT ]**

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CIVIL DOCKET A TO THIS CASE.

**11-24-2021  [ ACCOUNT ]**

RECEIPT # 2021-4294490 ON 11/24/2021.
PAYOR: JAMES C LINGER TOTAL AMOUNT PAID: $ 242.14.
LINE ITEMS:
CJ-2021-3386: $163.00 ON AC01 CLERK FEES.
CJ-2021-3386: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL.
CJ-2021-3386: $1.66 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2021-3386: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2021-3386: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2021-3386: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY.
CJ-2021-3386: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.
CJ-2021-3386: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND.
CJ-2021-3386: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2021-3386: $10.00 ON AC81 LENGTHY TRIAL FUND.
CJ-2021-3386: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY.
CJ-2021-3386: $10.00 ON AC89 COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE.

| | |
|---|---|
| **03-17-2022  [ SMF ]** | $ 20.00 |

SUMMONS FEE X2

**03-17-2022  [ SMIMA ]**

SUMMONS ISSUED - MAILED BY ATTORNEY X2

**03-17-2022  [ ACCOUNT ]**

RECEIPT # 2022-4334110 ON 03/17/2022.
PAYOR: JAMES C. LINGER ATTORNEY AT LAW TOTAL AMOUNT PAID: $ 20.00.
LINE ITEMS:
CJ-2021-3386: $20.00 ON AC01 CLERK FEES.

| | |
|---|---|
| **03-31-2022  [ S ]** | T D WILLIAMSON INC &#128100; |

PARTY HAS BEEN SUCCESSFULLY SERVED. TD WILLIAMSON INC / 3-21-22
Document Available (#1052016868) ☐TIFF   ☐PDF

| | |
|---|---|
| **03-31-2022  [ S ]** | CIGNA &#128100; |

PARTY HAS BEEN SUCCESSFULLY SERVED. CIGNA
Document Available (#1052016872) ☐TIFF   ☐PDF